IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATARI WAFFORD, #0317201, <br><br> Plaintiff, <br><br> V. <br><br> SHERIFF CHARLES EDGE, LIEUTENANT HAMMONDS, and OFFICER GREENUP, <br><br> Defendants. | § § § § § § § § § § § § § <br><br> No. 3:20-cv-2143-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Katari Wafford, an inmate at the Ellis County jail, brings this *pro se* action against Defendants Sheriff Charles Edge, Lieutenant Hammonds, and Officer Greenup, alleging that the "policy and customs of the Ellis County Sheriff's Office and the deliberate actions of Lieutenant Hammonds and Officer Greenup" violated his constitutional rights. *E.g.,* Dkt. No. 3 at 4 (further alleging "Sheriff Edge for violation of due process of law and failure to uphold first amendment right to petition through the unconstitutional policies of his office. Lieutenant Hammonds has violated those rights through documented action and Officer Greenup for cruel and unusual punishment and unreasonable search of Katari Wafford.").

This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should

dismiss the claims against Sheriff Edge and Lieutenant Hammonds with prejudice but dismiss the claims against Officer Greenup without prejudice to Wafford's filing within a reasonable period of time to be set by the Court an amended complaint that cures, if and where possible, the deficiencies outlined as to those claims.

## Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm*

*Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the

pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate

judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Wafford's claims against Sheriff Edge and Lieutenant Hammonds are based on the jail's grievance procedures. *See* Dkt. No. 3 at 4-5; *see, e.g., id.* at 5 ("The plaintiff claims that the grievance procedure is a direct violation of the first amendment constitutional right to petition and a violation of the fifth amendment right to due process of law because it allowed Lieutenant Hammonds to simply disregard grievances written under this system.").

But the Fifth Circuit has held that the Constitution does not implicate an inmate's interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

A prison system is not required to establish grievance procedures, and the

failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases). Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

The Court should therefore dismiss Wafford's claims against Sheriff Edge and Lieutenant Hammonds with prejudice, as allowing Wafford to amend these claims would be futile. *See, e.g., Cornett v. Edge*, No. 3:20-cv-89-M-BN, 2020 WL 890387 (N.D. Tex. Jan. 16, 2020), *rec. accepted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020) (dismissing with prejudice almost identical claims by another Ellis County inmate); *Duquesne v. Edge*, No. 3:20-cv-700-N-BN, 2020 WL 2363552 (N.D. Tex. Mar. 27, 2020), *rec. accepted*, 2020 WL 2334089 (N.D. Tex. May 8, 2020) (same).

Against Officer Greenup, Wafford points to grievances attached to the complaint. *See* Dkt. No. 3 at 5. In these, Wafford alleges that Greenup "shouldn't have put his hands on me like the way he done it." *Id.* at 11, 13; *see also id.* at 4 (alleging against Greenup "cruel and unusual punishment and unreasonable search of Katari Wafford"). These assertions do not allege a plausible constitutional violation. Wafford's first allegation lacks the factual context to permit an inference that Greenup, for example, used excessive force against Wafford. And his second allegation merely makes two legal conclusions, unconnected to facts, that the Court need not accept as true. But, because he is proceeding *pro se*, the Court should allow Wafford leave to file an amended complaint as to his claims against Officer Greenup.

## Recommendation

The Court should dismiss Plaintiff Katari Wafford's claims against Defendants Sheriff Charles Edge and Lieutenant Hammonds with prejudice but dismiss the claims against Defendant Officer Greenup without prejudice to Wafford's filing within a reasonable period of time to be set by the Court an amended complaint that cures, if and where possible, the deficiencies outlined as to those claims

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE